IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| CANE SINGLETON, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 5:21-00256 |
| ) | |
| MR. YOUNG, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action with prejudice and deny Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 52) as moot.

## PROCEDURAL BACKGROUND

On April 20, 2021, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 2.) On June 1, 2021, Plaintiff filed his Amended Complaint naming the following as Defendants: (1) Mr. Young, Warden of FCI Beckley; (2) Mr. Fain, Health Services Supervisor at FCI Beckley; (3) Hegwood, Psychology Department at FCI Beckley; (4) Atkins, Psychology Department at FCI Beckley; (5) John/Jane

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Doe, Remedy Clerk at FCI Beckley; and (6) John/Jane Doe, Remedy Clerk at FBOP Mid-Atlantic Regional Office. (Document No. 9.) Plaintiff alleges that Defendants Fain, Hegwood, and Atkins "fail to provide proper, timely psychological treatment or medications." (Id., p. 5.) Plaintiff contends that Warden Young "allows this to take place under his direction and then local and Regional Remedy Staff impede [his] FBOP complaints forcing [Plaintiff] to suffer the conditions, which leave [him] in the zone of suffering a mental breakdown or otherwise suffering emotional distress, mental anguish, and/or physical injuries." (Id.) In support, Plaintiff alleges that he has sought treatment for his mental conditions and psychotropic medications from the FCI Beckley Psychology Department on several occasions since February 2021. (Id., p. 7.) Plaintiff states that Defendants Hegwood and Atkins refuse to help him and refer Plaintiff to the Medical Department at FCI Beckley. (Id.) Plaintiff complains that the Medical Department is unqualified to "treat Plaintiff for [his] psychological issues." (Id.) Plaintiff contends that the Medical Department "has prescribed [him] generic medications for [his] psychological issues that cause a lists of side effects and make [his] mental state even worse." (Id.) Plaintiff alleges that Defendant Young and Fain "allow Psychology staff to not treat or redress inmates' psychological issues while having unqualified medical staff, such as a PA . . . prescribing serious medication for these psychological issues." (Id.) Plaintiff claims that a PA is "not a doctor and should not be allowed to prescribe medication, especially for psychological issues." (Id.) Plaintiff argues that the foregoing constitutes the denial of reasonable psychological treatment and negligence. (Id.) Next, Plaintiff complains that he filed a BP-9 with the Warden, but the Facility Remedy Clerk (name unknown) rejected such without considering Plaintiff's "emergency psychological issues and simply told [Plaintiff] to file a tort claim." (Id.) Plaintiff states that he filed a proper BP-10 appeal to the

2

Regional Level, but his administrative remedy was improperly rejected without "even considering [Plaintiff's] emergency psychological issues." (Id., p. 8.) Therefore, Plaintiff concludes that Defendants have violated his Eighth Amendment rights by failing to provide him with appropriate psychological care and his due process rights by improperly rejecting his administrative remedy requests. (Id.) Plaintiff requests monetary and injunctive relief. (Id., p. 6.)

As Exhibits, Plaintiff attaches the following: (1) A copy of his "Request for Administrative Remedy Information Resolution Form" dated April 15, 2021 (Id., p. 9.); (2) A copy of his "Rejection Notice – Administrative Remedy" dated April 23, 2021, from the Administrative Remedy Coordinator at FCI Beckley (Id., p. 10.); (3) A copy of his "Request for Administrative Remedy" dated April 16, 2021 (Id., p. 11.); (4) A copy of his "Rejection Notice – Administrative Remedy" dated May 7, 2021, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 12.); and (5) A copy of his "Regional Administrative Remedy Appeal" dated April 28, 2021 (Id., p. 13.).

By Order entered on June 7, 2021, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon each named defendant. (Document No. 10.) On July 22, 2021, Plaintiff filed his Second Amended Complaint naming the following as Defendants: (1) Hagwood, Psychology Department; (2) B. Jerald, Medical Department; (3) Young, Warden of FCI Beckley; (4) Mr. Fain, Health Services Supervisor; (5) Rich; (6) Atkins, Psychology Department; (7) Unit Manager Smith; and (8) Jane Doe. (Document No. 26.) On August 20, 2021, the Clerk issued process upon each named defendant in Plaintiff's Second Amended Complaint. (Document No. 30.) On October 22, 2021, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in

3

Support. (Document Nos. 52 and 55.) Defendants argue that Plaintiff's claims should be dismissed based on the following: (1) Plaintiff failed to exhaust his administrative remedies (Document No. 55, pp. 10 – 12.); (2) "Dismissal of the Complaint pursuant to Fed. R. Civ. P. 8 is appropriate" (Id., pp. 12 – 13.); (3) "Sua sponte dismissal of the Complaint pursuant to 28 U.S.C. § 1915A is appropriate" (Id., pp. 14 – 15.); (4) There is a lack of personal involvement by Defendants Young, Rich, and Fain (Id., pp. 15 – 16.); (5) Plaintiff has no constitutional right to participate in the grievance process (Id., p. 16.); (6) Plaintiff has failed to state a claim regarding any HIPAA violation (Id., pp. 16 – 17.); (7) Plaintiff cannot establish deliberate indifference concerning his medical claims (Id., pp. 17 – 22.); (8) Defendant Fain is immune from suit (Id., pp. 22 – 23.); and (9) Defendants are entitled to qualified immunity (Id., pp. 23 – 24.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 25, 2021, advising him of the right to file a response to the Defendants' Motion. (Document No. 56.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on April 22, 2022, directing Plaintiff to "show cause in writing on or before May 13, 2022, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 62.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Id.) On May 6, 2022, Plaintiff filed a "Motion for Enlargement of Time By 30 Days." (Document No. 63.) In support of his Motion, Plaintiff stated that he had limited access "to the

LEXIS NEXIS law library." (Id.) By Order entered on May 9, 2022, the undersigned granted Plaintiff's Motion for Extension of Time and directed that Plaintiff filed his Response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 52) by June 9, 2022.[2] (Document No. 64.) The undersigned specifically notified Plaintiff that "failure to file a Response by **June 9, 2022**, will result in a recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Despite the Court's granting of the extension of time, Plaintiff has again failed to file a Response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." The undersigned notes that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" has been pending for approximately eight months without a response from Plaintiff.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] See

---

[2] The undersigned noted that although Plaintiff complained that he had limited access to the law library, Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" has been pending for nearly seven months without a response by Plaintiff. The undersigned, however, granted Plaintiff one final extension of time.

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since October 22, 2021, Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" has been pending before this Court without a

response from Plaintiff. Plaintiff failed to take action despite the Court's Roseboro Notice (Document No. 56). In Response to the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 62), Plaintiff requested a 30-day extension of time. (Document No. 63.) Although the Court granted Plaintiff's request for an extension of time, Plaintiff has again failed to take action despite the Court's notice that his failure to file a timely response would result in the recommendation of dismissal for failure to prosecute. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants' Motion largely relies upon the argument that Defendants are entitled to immunity, Plaintiff failed to exhaust his administrative remedies, and Plaintiff failed to state cognizable claims. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record indicates that Plaintiff has now twice failed to file a timely response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." Plaintiff completely failed to take any action in these proceedings for approximately seven months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute

failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the Court's Order granting the extension of time. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaints (Document Nos. 2, 9, 26) with prejudice, **DENY as moot** Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 52), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 16, 2022.

Omar J. Aboulhosn
United States Magistrate Judge